## SLYE v. GUERDRUM.

TRIAL; WAIVER OF OBJECTIONS; PARTY FENCES.

1. In an action to recover damages for entering plaintiff's premises and cutting down and destroying a hedge, the defendant, by introducing evidence in his own behalf, after the overruling of his motion to direct a verdict, made at the close of the plaintiff's evidence, upon the ground that the plaintiff had not proved actual or constructive possession of the property, and that therefore she should have declared in case instead of trespass, waives such objection (following *Main* v. *Aukam*, 4 App. D. C. 51; *Hazleton* v. *Le Duc*, 10 App. D. C. 379, and *Trometer* v. *District of Columbia*, 24 App. D. C. 242) ; and an assignment of error cannot properly be based upon the refusal of the court to grant the motion, especially where the record on appeal does not purport to contain the substance of all of the testimony.

2. Sec. 166, D. C. building regulations, relating to the erection and repair

of party fences, does not authorize the destruction of a division hedge by one property owner,—especially if the hedge is entirely upon the premises of his neighbor.

No. 1753. Submitted April 8, 1907. Decided May 7, 1907.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia in an action to recover damages.              ∴ *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from the supreme court of the District. The appellee, Laura H. Guerdrum, as plaintiff below, sued the defendant, James W. Slye, appellant here, for entering upon her premises known as lot 37, in block 1, in Mrs. Oregon L. Green's subdivision of the tract of land called Chichester, in said District of Columbia, and cutting down and destroying a hedge. Plaintiff's evidence showed that this hedge "was 18 inches within the party line, and wholly on plaintiff's real estate."

At the close of plaintiff's evidence the defendant moved the court to instruct the jury to render a verdict for him on the ground that the plaintiff had not proved actual or constructive possession of said property at the time of the commission of the trespass complained of. Upon the denial of said motion the defendant proceeded to introduce testimony in his own behalf. During the introduction of this testimony he offered a part of sec. 166 of the building regulations of the District, which was objected to by the plaintiff and excluded by the court. Said section, as offered, reads as follows:

"All party fences shall be erected and kept in good repair by the proprietors of the ground on each side, at their joint expense: *Provided,* The ground on each side shall be inclosed, used, or occupied; and if any person whose duty it shall be to make or keep in good repair any fence or part of fence shall neglect or refuse to do so for five days after request being made

by the other party interested or his agent, then it shall be lawful for the party so making request, as aforesaid, to make or repair the whole fence or part of the fence. The new fence must be a rough board fence with tight or close joints, unless otherwise agreed upon by adjoining parties, and the repairs must be made of similar materials to those of which the fence is constructed."

No exceptions were taken to the instructions of the court to the jury, and the bill of exceptions does not purport to contain the substance of all the testimony.

*Mr. Charles W. Fitts* and *Mr. Edwin C. Dutton* for the appellant.

*Mr. T. L. Jeffords* and *Mr. Milton Strasburger* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

In the first assignment of error it is contended that the plaintiff should have declared in case, instead of in trespass. The defendant is not in a position to insist upon this assignment. It is, of course, axiomatic that at common law the gist of the action of trespass *quare clausum fregit* is injury to the possession, and that, generally speaking, the plaintiff must show actual or constructive possession at the time of the trespass. Many of the States, however, have abolished the nice distinction between trespass and case, and other States have by statutory enactment permitted great liberality of amendment. The Code of the District, sec. 399 (31 Stat. at L. 1252, chap. 854), empowers the trial court, "at any stage of the case, to allow amendments of writs, pleadings, or other papers in the cause." It is not denied that the plaintiff was the owner of the premises upon which this trespass was committed, and it is not denied that she had a right of action against the defendant, the only contention being that she should have declared in case, instead of in trespass. But by introducing evidence in his own behalf, it is clear that the defendant waived this point. In *Accident Ins.*

*Co.* v. *Crandal,* 120 U. S. 530, 30 L. ed. 742, 7 Sup. Ct. Rep. 685, which was a suit upon an accident policy, the defendant at the close of the plaintiff's evidence moved for a verdict because "under the law and the evidence in the case the plaintiff was not entitled to recover." The motion was overruled, and the defendant then introduced evidence in its own behalf. No special instructions were asked, and no exceptions were taken to the court's charge to the jury. Mr. Justice Gray said: "The refusal of the court to instruct the jury, at the close of the plaintiff's evidence, that she was not entitled to recover, cannot be assigned for error, because the defendant at the time of requesting such an instruction had not rested its case, but afterwards went on and introduced evidence in its own behalf." *Main* v. *Aukam,* 4 App. D. C. 51; *Hazleton* v. *Le Duc,* 10 App. D. C. 379; *Trometer* v. *District of Columbia,* 24 App. D. C. 242.

Had the defendant in the present case insisted upon his objection to the form of the action, the plaintiff might have obtained leave to amend, and the difficulty would have been overcome. But he did not insist upon his objection, and therefore waived it. It is possible, too, that if the record contained the substance of all the testimony we might find evidence to sustain a verdict based upon the declaration as filed. *United States* v. *Cooper Queen Consol. Min. Co.* 185 U. S. 497, 46 L. ed. 1009, 22 Sup. Ct. Rep. 761.

The second assignment of error is without merit. It is not even necessary for us to inquire into the validity of the building regulation relied upon by the defendant, for the reason that the regulation does not purport to authorize the destruction of a division hedge by one party, much less a hedge entirely upon the premises of the adjoining owner. There was no error, therefore, in excluding this regulation.

For the reasons given above, the judgment will be affirmed, with costs, and it is so ordered. *Affirmed.*